59 A.3d 1083

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. KARLTON BLACKMON, DEFENDANT–
PETITIONER.

August 2, 2012.

A petition for certification of the judgment in A–003167–10 having been submitted to this Court, and the Court having considered the same and determined that:

(1) On June 9, 2010, this Court directed the trial court to provide a statement of reasons to facilitate appellate review of its decision not to permit defendant's step-father to speak on defendant's behalf at sentencing, *see State v. Blackmon*, 202 *N.J.* 283, 304, 997 *A.*2d 194 (2010);

(2) As part of its decision, the Court recognized a number of principles: that "other than defendants, and crime victims or their survivors, there is no absolute right to speak at a sentencing proceeding," *id.* at 305, 997 *A.*2d 194; that "by custom and practice, many sentencing judges exercise their discretion to permit multiple members of a victim's family to address the court," *id.* at 299, 997 *A.*2d 194; and that, "[s]imilarly, sentencing courts commonly permit defendants' family members and others . . . to address the court," *ibid.*;

(3) *Blackmon* also identified a number of reasons that might constitute an appropriate exercise of discretion, *id.* at 305, 997 *A.*2d 194, and noted that judges should use their discretion in a manner that "ensure [a] that the proceedings themselves bear the hallmarks of fairness," *id.* at 306, 997 *A.*2d 194;

(4) To permit appellate review of the trial court's decision about who may speak at sentencing, the Court explained that to the extent that determination is discretionary, the decision must be accompanied by a sufficient statement of reasons, *id.* at 307, 997 *A.*2d 194;

(5) Because of "the paucity of the record," the Court remanded the matter to the trial court for further proceedings, *ibid.*;

(6) On remand, the trial judge candidly admitted that he had "no specific recollection" of the decision not to allow defendant's step-father to speak at sentencing, but the judge recalled the following: the case was "heated"; "[i]t was a Friday, [and] Fridays are busy" court days with multiple sentencings, violations of probation, and other matters; "the presentence investigation ... provided ... all the information [the trial court] needed"; and it was "symmetrical" to have two people speak on behalf of both sides—the prosecutor and the victim on behalf of the State, and the defendant and his counsel on defendant's behalf;

(7) Inasmuch as the generic reasons given during the proceedings on remand are merely generic ones that failed to identify reasons sufficient to support the court's exercise of its discretion and that could apply to nearly all cases involving a victim, we are unable to find that they sufficiently explain the court's exercise of discretion in this case; and

(8) We adhere to the principles expressed in *Blackmon*. In this matter, the original sentencing judge has since retired and therefore is not available to provide any more particularized statement of reasons, and it therefore appears that there are no reasons that would comport with our substantive decision;

It is therefore ORDERED that the petition for certification is granted, and the matter is summarily remanded to the Superior Court, Law Division—Criminal Part, first for a determination of whether the step-father still desires an opportunity to address the court in connection with the sentence, and, in the event that he does, for resentencing in a manner consistent with the terms of this Order and the Court's judgment in *Blackmon*, during which the step-father may address the court. Jurisdiction is not retained.

CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, HOENS, and PATTERSON join in this decision. JUDGE WEFING did not participate.